UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Douglas Wolfe, | ) | C/A No.   2:19-cv-902-BHH-BM |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **Jury Trial Demanded** |
| The North Charleston Police Department, The | ) | |
| City of North Charleston, Detective J. Jellico | ) | |
| individually and in his official capacity as an | ) | |
| agent of the City of North Charleston, | ) | |
| Jennifer Butler individually and in her official | ) | |
| capacity as an agent of the City of North | ) | |
| Charleston, Charles Benton individually and | ) | |
| in his official capacity as an agent for the City | ) | |
| of North Charleston, R. E. Stone individually | ) | |
| and in his official capacity as an agent of the | ) | |
| City of North Charleston; | ) | |
| | ) | |
| Defendant(s). | ) | |

TO THE DEFENDANTS ABOVE NAMED.

1.  This is an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988 and under the laws of the State of South Carolina; against the City of North Charleston, the North Charleston Police Department, lead detective J. Jellico, and other members of the City of North Charleston Police Department; some of whose names are known and some unknown, both individually and in their respective capacities as law enforcement officers or other agents and representatives of the City of North Charleston.

2.  Jurisdiction is based upon 28 U.S.C. 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3.  It is alleged that the several Defendants knowingly made false and misleading statements in order to obtain an arrest warrant against the Plaintiff.

4.  It is further alleged that the several Defendants continued to make knowingly false and

{00019692 – 1}

misleading statements to the prosecution, to representatives of the Department of Social Services, to the guardians ad litem appointed for the Plaintiff's children, and to the Courts in order to deny the Plaintiff a reasonable bond, in order to deprive the Plaintiff of access to his children, and to further the prosecution of the Plaintiff.

5. The false and misleading statements were the essential elements of arrest warrants and were made in the form of sworn affidavits submitted to the Magistrate issuing the arrest warrants.

6. The false and misleading affidavits were considered by the Court of General Sessions in maintaining an un-obtainably high bond on the Plaintiff which amounted to unlawful pre-trial detention without due process of law.

7. The false and misleading affidavits were utilized by the Department of Social Services and the Guardians ad Litem in denying the Plaintiff access and visitation with his children.

8. The Plaintiff received poor treatment and was threatened while incarcerated as a result of the stigma associated with the conduct falsely alleged.

9. Presenting false and misleading information to the Courts in order to obtain arrest warrants, in order to keep the Plaintiff incarcerated without a reasonable bond, in an effort to leverage the Plaintiff into a guilty plea through violation of his constitutional rights, and in order to cause the Plaintiff emotional abuse and unnecessary punishment violated the Plaintiff's rights as protected by the United States Constitution, the Constitution of the State of South Carolina, and the laws of the State of South Carolina.

10. The Plaintiff has suffered cruel and unnecessary punishment as a result of the actions of the several Defendants.

11. It is further alleged that these actions and torts were committed as a result of the policies and customs of the North Charleston Police Department and the City of North Charleston.

PARTIES

12. The North Charleston Police Department, is upon information and belief, a part of the City of

{00019692 - 1}

North Charleston, a municipality existing under the laws of the State of South Carolina.

13. The City of North Charleston, is upon information and belief, a municipality existing under the laws of the State of South Carolina.

14. The several individual defendants, Detective J. Jellico, Jennifer Butler, Charles Benton, and R.E. Stone; were at all times relevant to this Complaint, duly appointed and acting law enforcement officers for the City of North Charleston and the North Charleston Police Department, acting under color of state law.

FACTS

15. On March 23, 2016 the Plaintiff send his youngest daughter with his fiancé to the ER to be examined because the infant had been dropped from a height of approximately three (3) feet onto the floor and exhibited a busted lip.

16. Upon examination, medical staff discovered more severe injuries, including fractured ribs and clavicle.

17. Defendants Jellico and Benton interviewed medical personnel and then brought the Plaintiff, James Wolfe in for interrogation.

18. Wolfe voluntarily answered questions in great detail and repeatedly denied causing the injuries.

19. Officer's Jellico, Benton, and R.E. Stone collaborated on the warrant affidavit dated March 25, 2019.

20. This warrant affidavit contained false and intentionally misleading information calculated to accomplish the arrest, pretrial detention, and emotional harm to the Plaintiff.

21. This warrant affidavit was false in several particulars, including but not limited to statements that Wolfe had admitted to conduct consistent with the child's injuries; and including the Wolfe had admitted to the wrongdoing.

22. Without the false and intentionally misleading statements, the warrant affidavit would not have been sufficient to obtain an arrest warrant against Wolfe; nor would the bond have been set

{00019692 - 1}

unreasonably high, resulting in over six (6) months of unlawful pretrial detention.

23. Without the false and intentionally misleading statements, Wolfe would not have been denied contact with his two daughters, as the actions by the Department of Social Services and the Guardians ad Litem were driven entirely by these false statements by the Defendants.

24. The Plaintiff suffered unlawful detention, based upon a false and misleading warrant; physical injury to his health and wellbeing; severe emotional trauma; irreparable damage to his relationship with his two young daughters which continues to this day; financial injury in that he was unable to work; and the inability to properly assist in his legal defense relating to the family court proceedings.

25. These actions by the Defendants were intentional, calculated, and malicious; for the very purpose of causing the Plaintiff harm and not for any lawful purpose.  These actions were specifically calculated to deny Wolfe the ability to defend his legal rights, to compel him to plead guilty out of despair and hopelessness, to cause him pain and suffering, and to destroy his ability and his will to fight for his freedom.

26. Plaintiff is entitled to recover all damages that are permissible under 42 U.S.C. 1983 as well as reasonable attorney fees for bringing this action.

27. Further under 42 U.S.C. 1983, Plaintiff is entitled to recover punitive damages from all defendants for the gross infliction of pain, suffering, and violations of human dignity that were accorded him.

28. Plaintiff is further entitled to recover damages under the laws of the State of South Carolina.

29. As a direct and proximate result of the aforementioned acts, perjury, misrepresentations, and inactions by the Defendants, the Plaintiff, James Wolfe has suffered and will continue to suffer damages in an amount to be proven at trial.

COUNT I

42 USC 1983 against individuals

{00019692 - 1}

30. The content of the preceding paragraphs is incorporated by reference.

31. The Defendants actions directly and proximately caused the Plaintiff injuries resulting from violations of his constitutional rights while they were acting under color of state law.

COUNT II

42 USC 1983 against the City of North Charleston and the North Charleston Police Department

32. The content of the preceding paragraphs is incorporated by reference.

33. The City of North Charleston and the North Charleston Police Department have adopted a policy of law enforcement which operates on a theory of "charge them now, investigate later".

34. The individual Defendants violated the constitutional rights of the Plaintiff with based upon a culture of unlawful conduct which is prevalent in the North Charleston Police Department.

35. It is also the custom of the Department to inadequately train and supervise its officers with regard to the constitutional protections of the citizenry.

36. Furthermore, officers are encouraged to disregard the rights of citizens under investigation and are coached in how to subsequently justify their unlawful behaviors.

37. The illegal actions by the Defendants were the result of a policy of indifference and corruption within the City of North Charleston Police Department.

COUNT III

Negligence, Gross Negligence, Intentional Tortious conduct against all Defendants

38. The content of the preceding paragraphs is incorporated by reference.

39. The Defendants through their negligent, grossly negligent, and/or intentional and malicious conduct; jointly and severally, and working in concert with each other, committed perjury, made false and misleading representations, published false statements, and acted outside the boundaries of ordinary and acceptable standards of care for law enforcement officers and organizations representing the public trust.

40. As a result of these and other wrongful conduct by the Defendants, the Plaintiff has suffered

{00019692 - 1}

damages which he is entitled to compensation.

WHEREFORE, the Plaintiff requests that this Honorable Court:

  a. Award compensatory damages to the plaintiff against the defendants, jointly and severally;

  b. Award punitive damages to the plaintiff against the defendants;

  c. Award costs of the action to the plaintiff;

  d. Award reasonable attorney fees and costs to the plaintiff;

  e. Award such other relief as is just and proper.

       Laquiere Law Inc

       _____/s/_Eric B Laquiere_____
       Eric B. Laquiere
       SC District Court No. 9259
       SC Bar No. 71177
       3674 Old Charleston Hwy
       Johns Island, SC 29455
       843-556-2958
       888-745-8449 fax
       Attorney for the Defendants,

Charleston, South Carolina
March 25, 2019

{00019692 – 1}