IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Douglas Wolfe,<br><br>Plaintiff,<br><br>v.<br><br>North Charleston Police Department, City of North Charleston, Detective J. Jellico, Jennifer Butler, Charles Benton and R. E. Stone,<br><br>Defendants. | ) | Civil Action No. 2:19-0902-BHH-BM<br><br>**CONFERENCE AND SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than June 26, 2019. [1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than July 10, 2019 required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than July 10, 2019 the parties shall file a Rule 26(f) report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than July 31, 2019.

---

[1]Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2]The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3]Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.



5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed.R.Civ.P. 26(a)(2)(B), including all information required by Fed.R.Civ.P. 26(a)(2)(B), has been disclosed to other parties by August 30, 2019. For all other expert witnesses, counsel should make the disclosures required by Fed.R.Civ.P. 26(a)(2)(C) by August 30, 2019.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed.R.Civ.P. 26(a)(2)(B), including all information required by Fed.R.Civ.P. 26(a)(2)(B), has been disclosed to other parties by September 30, 2019. For all other expert witnesses, counsel should make the disclosures required by Fed.R.Civ.P. 26(a)(2)(C) by September 30, 2019.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than September 30, 2019. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than November 29, 2019. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

9. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **December 30, 2019**. See Attached form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel.

10. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before January 30, 2020. (Fed. R. Civ. P. 16(b)(2)).

**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

June 5, 2019
Charleston, South Carolina



Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

Attachments:
        1) Rule 26(f) Report Form.
        2) Notice of Availability of United States Magistrate Judge.
        3) Mediation Form.
        4) Mediation Requirement Form

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| James Douglas Wolfe,<br><br>Plaintiff,<br><br>v.<br><br>North Charleston Police Department, City of North Charleston, Detective J. Jellico, Jennifer Butler, Charles Benton and R. E. Stone,<br><br>Defendants. | Civil Action No. 2:19-0902-BHH-BM<br><br><br><br><br>**RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

________ We agree that the schedule set forth in the Conference and Scheduling Order filed **June 5, 2019** is appropriate for this case. The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

________ We agree that the schedule set forth in the Conference and Scheduling Order filed **June 5, 2019** requires modification as set forth in the proposed Consent Amended Scheduling Order which will be -e-mailed to chambers as required (use format of the Court's standard scheduling order). The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

________ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 will be separately filed by the parties.

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

*Dated:* ______________________________

DEFENDANT(S)

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

*Dated:* ______________________________

# UNITED STATES DISTRICT COURT

District of South Carolina

James Douglas Wolfe,

Plaintiff,

v.

North Charleston Police Dept., et al.,

Defendants.

NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number: 2:19-0902-BHH-BM

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

Party Represented

Signatures

Date

____________________________ ____________________________________

______________________

________________________________ ________________________________________

______________________

________________________________ ________________________________________

______________________

________________________________ ________________________________________

______________________

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to The Honorable _________________________, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

______________________________________________________________________________

Date United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# MEDIATION INITIATION FORM

Case: James Douglas Wolfe v. North Charleton Police Department, et al.,

C/A No. 2:19-0902-BHH-BM

Please check the applicable box to indicate the status of the above referenced case:

❏ case settled prior to or without mediation
❏ case dismissed by court or pending ruling on summary judgment motion
❏ case to proceed to trial
❏ case continued to next term

*OR*

❏ case will be or has been mediated *(complete the following information):*

Mediator Name: ____________________________ Mediator Phone No.____________________

Date Mediation Scheduled to Occur *or* Date Mediation Completed:______________________

Submitted by:________________________________ Signature:__________________________

*(Printed name of counsel)*

For which party?:_______________________________________ Date:___________________

*(Name of party counsel represents)*

Please fax completed form to Danny Mullis, ADR Program Director @ 843-579-1434 or mail to P.O. Box 835, Charleston, SC 29402.

IN THE UNITED STATES DISTRICT COURT )
FOR THE DISTRICT OF SOUTH CAROLINA )

MEDIATION REQUIREMENTS

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

Pursuant to Local Rule 16.05, D.S.C., if any party wishes to be relieved from the mediation requirement, they may file a motion if they can show good cause.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

Bristow Marchant
United States Magistrate Judge