UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **James Douglas Wolfe** | ) )  |
| Plaintiff, | ) Case No. 2:19-cv-00902-BHH-BM ) ) |
| v. | ) ) |
| **North Charleston Police Department,** *et al.*; | ) **Plaintiff's LCR 26.03 Interrogatory** ) **Responses** ) |
| Defendants. | ) ) ) |

Plaintiff submits the following responses to the LCR 26.03 Interrogatories:

(1)    A short statement of the facts of the case.

**Response:**

**On March 23, 2016, James Douglas Wolfe was arrested for Unlawful Conduct Towards a Child, allegedly for inflicting serious injuries on his minor daughter E.W. On April 11, 2016, Wolfe was also charged with Inflicting Great Bodily Injury on a Child. The probable cause affidavits for these arrest warrants were based on materially false information and omissions, though the falsity of these affidavits could not be discovered until the March 19-22, 2018 trial of** *State v. Wolfe*, **2017-GS-10-07405, where a jury acquitted Wolfe of all charges.**

**This civil rights / Tort Claims Act suit seeks to obtain compensation for the extreme emotional distress, deprivation of liberty, damage to reputation, and other damages that resulted from the defective affidavits used to arrest Wolfe and the policies and procedures that allowed such an affidavit to be created in the first place.**

(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**Response:**

a.    **James Douglas Wolfe: this witness is expected to testify as to the allegations of the complaint(s).**

b.    **Jerry Jellico, Jennifer Butler, Charles Benton, Robert Stone, and other currently unknown agents and employees of the North Charleston Police Department: these**

      **witnesses are expected to testify as to the allegations of the complaint(s) and (if applicable) consistent with their testimony at the March 19-22, 2018 trial of** *State v. Wolfe*, **2017-GS-10-07405.**

c.    **Dr. Adam Barouh, Dr. Anil Rao, Dr. Michelle Amaya: these witnesses are expected to testify consistent with their testimony at the March 19-22, 2018 trial of** *State v. Wolfe*, **2017-GS-10-07405.**

d.    **Potentially: any witness called at the trial or named in the indictments of** *State v. Wolfe*, **2017-GS-10-07405, and any person named in any deposition, discovery response, or subpoena response in this action.**

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**Response:**

**Plaintiff has not yet identified specific expert(s) that he intends to call at trial, though it is likely that Dr. Adam Barouh, Dr. Anil Rao, Dr. Michelle Amaya will be asked to recapitulate their opinions from the March 19-22, 2018 trial of** *State v. Wolfe*, **2017-GS-10-07405.**

(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.

**Response:**

**1.    <u>42 U.S.C. § 1983 – unreasonable seizure without probable cause</u>**

*Miller v. Prince George's County, Md., et al*, **475 F.3d 621 (4th Cir. 2007);** *Smith v. Wade*, **461 U.S. 30 (1983) (punitive damages).**

**2.    <u>42 U.S.C. § 1983 – policy or procedure causing unreasonable seizure without probable cause</u>**

*Monell v. Dept. of Social Servs.*, **436 U.S. 658, 690 (1978);** *Smith v. Wade*, **461 U.S. 30 (1983) (punitive damages).**

**3.    <u>Negligence/Gross Negligence/Recklessness (S.C. Tort Claims Act)</u>**

**S.C. Code § 15-78-20** *et seq.***;** *Thomasko v. Poole*, **349 S.C. 7, 561 S.E.2d 597 (2002)**; *Faile v. S.C. Dept. of Juvenile Justice*, **350 S.C. 315, 566 S.E.2d 536 (2002).**

(5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

      (a)      Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

**These disclosures will be made consistent with the rules and any scheduling order.**

      (b)      Completion of discovery.

**Plaintiff expects to complete discovery by the deadlines imposed by the Federal Rules of Civil Procedure, the Local Rules, and any scheduling order issued by this Court. The addition of new parties could require these dates to be extended.**

(6)      Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**Plaintiff may identify new culpable parties in discovery, thus requiring amendment of the complaint and scheduling order.**

(7)      Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**Plaintiff does not consent to trial by a magistrate judge. Plaintiff agrees to mediate this action by the deadline imposed by the Federal Rules of Civil Procedure, the Local Rules, and order issued by this Court.**

Dated: 12/26/2019                              /s/ Jason Scott Luck
                                                        Jason Scott Luck (Fed. Id. 9696)
                                                        jluck@garrettlawsc.com
                                                        Garrett Law Offices, LLC
                                                        1075 E. Montague Ave.
                                                        North Charleston, SC 29405
                                                        843.554.5515 (phone)
                                                        843.747.3198 (telefax)
                                                        **Attorney for Plaintiff**