IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Douglas Wolfe,<br><br>Plaintiff,<br><br>v.<br><br>The City of North Charleston, Jerry Jellico, Jennifer Butler, Charles Benton and Robert E. Stone, all in their individual and official capacities,<br><br>Defendants. | C/A No. 2:19-cv-902-BHH-BM<br><br><br>**ANSWER OF<br>DFEFENDANTS TO PLAINTIFF'S<br>AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

NOW COME the City of North Charleston, (hereinafter "City"), Detective Jellico, Detective Benton, Detective Butler, and Officer Stone (collectively "the defendants")[1] by and through their undersigned counsel and hereby Answer the Plaintiff's Amended Complaint as follows:

**FOR A FIRST DEFENSE**
**(Qualified General Denial)**
**All specifically not admitted herein should be deemed denied.**

1.      Deny and demand strict proof thereof.

2.      Admit that North Charleston is a governmental entity for purposes of the Tort Claims Act. The remainder of this paragraph is a statement of law to which no response is required.

3.      Admit only that Jellico was an employee of the City of North Charleston, was at all times acting in the course and scope of his employment, and was responsible to follow the policies and procedures of the department and the laws of the state. Deny remainder of paragraph as stated.

---

[1] Officer Stone has filed a motion to dismiss in lieu of an Answer.

4.      Admit only that Butler was an employee of the City of North Charleston, was at all times acting in the course and scope of her employment, and was responsible to follow the policies and procedures of the department and the laws of the state. Deny remainder of paragraph as stated.

5.      Admit only that Benton was an employee of the City of North Charleston, was at all times acting in the course and scope of his employment, and was responsible to follow the policies and procedures of the department and the laws of the state. Deny remainder of paragraph as stated.

6.      Assert that Stone has a motion to dismiss pending, but on behalf of the City, admit only that Stone was an employee of the City of North Charleston, was at all times acting in the course and scope of his employment, and was responsible to follow the policies and procedures of the department and the laws of the state. Deny remainder of paragraph as stated.

7.      This paragraph is a statement of venue that requires no response.

## BACKGROUND

8.      Deny that E.W. "fell" and assert that per Wolfe's statement, he "dropped" his eight week old infant onto her head. Admit that Wolfe told officers that his gross negligence in dropping her had allegedly caused cuts on the inside of her mouth.

9.      Admit only that Ashley Stanley took E.W. to the hospital to be checked out and Wolfe stayed home.

10.     Admit that doctors at Summerville Medical Center found serious injuries including bone fractures to E.W. and contacted law enforcement.

11.     Admit that Detectives Jellico and Benton met with doctors at Summerville Medical Center who informed them that E.W. had serious injuries and would need to be transported to MUSC for further treatment.

12.     Admit that the doctors at MUSC discovered a number of very serious injuries to E.W. that were consistent with non-accidental trauma, including multiple fractures in different stages of healing, lacerations, bruising and internal bleeding.

13.     Admit only that Wolfe was mirandized before he was interviewed. Further state that Wolfe initially admitted that the child was hurt because of his carelessness.  As to any other admissions by Wolfe, defendants refer to the recording of the interview as the best evidence of what was said.

14.     Deny as stated.

15.     Deny as stated and assert that upon information and belief, there was one charge on March 23, and one charge on April 11.  Further deny that the warrants were defective.  Admit only subparts a, c, g, and i, and additionally assert that the language of the warrant is the best evidence of what they say. Defendants lack sufficient information to admit or deny subparts d and j. Defendants deny subparts b, e, f, h, k, l and demand strict proof thereof.

16.     Deny as stated, including the subparts, and assert that the trial transcript itself is the best evidence of the testimony of the witnesses, when taken in full.

17.     Admit.

18.     Deny as stated including all subparts and further deny that any officer or employee of the City made any "material false statements and/or omissions of material fact".

**FIRST CAUSE OF ACTION**
**42 U.S.C. §1983 – Against Jellico, Butler, Benton & Stone**

19.     No response necessary.

20.     Deny that any individual defendant deliberately or with a reckless disregard for the truth made any material false statements.

3

21.     Deny that any individual defendant omitted any material facts from any affidavit in this

matter with the intent to make the affidavit misleading.

22.     Deny and demand strict proof thereof.

23.     Deny and demand strict proof thereof.

24.     Deny and demand strict proof thereof.

25.     Deny and demand strict proof thereof.

## SECOND CAUSE OF ACTION
### 42 U.S.C. §1983 – Monell Claim Against City

26.     No response necessary.

27.     Deny including all subparts and demand strict proof thereof.

28.     Deny including all subparts and demand strict proof thereof.

29.     Deny and demand strict proof thereof.

30.     Deny and demand strict proof thereof.

31.     Deny and demand strict proof thereof.

## THIRD CAUSE OF ACTION
### Negligence/Gross Negligence/Recklessness/Wantonness– Against City

32.     No response necessary.

33.     This paragraph is a statement of law for which no response is required.

34.     Deny, including all subparts, and demand strict proof thereof.

35.     Deny and demand strict proof thereof.

## FOR A SECOND DEFENSE
### (Rules 8 and 12)

36.     Plaintiff has failed to state a cause of action for which relief can be granted.  Further, this

Complaint should be dismissed for all applicable reasons in accordance with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Waiver, *Estoppel,* Laches, Acquiescence, Stale Demand, Statute of Limitations, Service of Process, No Proximate Cause)

37.    Plaintiff's claims are barred, in whole or in part, by the doctrines of *estoppel*, laches, waiver, acquiescence, stale demand, service of process, statute of limitations, and the acts of the Defendants were not the proximate cause of the injuries.

## FOR A FOURTH DEFENSE
### (Sole Negligence/Comparative Negligence)

38.    Defendants assert that Plaintiff is solely responsible for his suffering and injuries or in the alternative is comparatively negligent.

## FOR A FIFTH DEFENSE
### (Sovereign Immunity - Tort Claims Act)

39.    As to any violation of common law or state law, Defendant asserts the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et seq.*, as a defense and assert that they do not waive any of the rights, privileges or immunities therein, including but not limited to Eleventh Amendment immunity.

## FOR A SIXTH DEFENSE
### (Intervening and Superseding Negligence)

40.    That if any Defendant was negligent, which is specifically denied, the injuries and damages sustained by Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding acts or omissions of others for which the Defendants are not

liable.

## FOR A SEVENTH DEFENSE
### (Qualified Immunity)

41.    The actions/inactions and conduct of the Defendants, to the extent they actually occurred,

were objectively reasonable under the circumstances of which they were aware.  Their actions did

not violate any clearly established constitutional, federal, or statutory right of which a reasonable

official should have known, and they are therefore entitled to qualified immunity.

## FOR AN EIGHTH DEFENSE
### (No Constitutional Violation)

42.    The alleged actions/inactions claimed by Plaintiff did not rise to the level of a constitutional

violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights,

privileges, or immunities.

## FOR A NINTH DEFENSE
### (Emotional Distress)

43.    Any claims by Plaintiff for the intentional infliction of emotional distress are not actionable

and are barred by the plain language of the South Carolina Tort Claims Act.

## FOR A TENTH DEFENSE
### (Failure to Mitigate)

44.    Plaintiff's claims are barred or must be reduced by Plaintiff's failure to mitigate damages

should there be any damages.

## FOR AN ELEVENTH DEFENSE
### (Third Party Liability)

45.    Defendants assert that if anyone is liable to Plaintiff, all of which is specifically denied, it

is a third party.

## FOR A TWELFTH DEFENSE
### (Absence of Bad Faith, Malice or Corrupt Motive)

46.    Defendants during the performance/non-performance of the alleged actions did not perform any act/inaction in bad faith, with corrupt motives, or in a malicious manner, and Defendants are therefore immune from suit.

## FOR A THIRTEENTH DEFENSE
### (Punitive Damages Unconstitutional)

47.    Punitive damages are not recoverable against Defendants not only due to the unconstitutionality, but also in accordance with S.C. Code Ann. § 15-78-120(b).

## FOR A FOURTEENTH DEFENSE
### (Eleventh Amendment Immunity)

48.    The Complaint, as drafted, sues the State of South Carolina through its agents.  Plaintiff is prohibited from suing the defendants, as doing so would be equivalent of suing the State of South Carolina and in violation of the Eleventh Amendment to the United States Constitution.

## FOR A FIFTEENTH DEFENSE
### (Assumption of Risk)

49.    Plaintiff assumed the risk of being arrested for charges relating to child abuse when he acted in an abusive manner toward his eight week old infant.  Plaintiff assumed the risk of being arrested for charges relating to child abuse when he admitted to officers that he had acted in an abusive manner toward his eight week old infant.

7

## FOR A SIXTEENTH DEFENSE
### (Statute of Limitations)

50.     Defendant asserts that the plaintiff has missed the statute of limitations applicable to each

of the causes of action in this case.


Wherefore, having fully answered the Complaint, subject to the Motion to Dismiss,

Defendants hereby pray that the Amended Complaint be dismissed with prejudice; that Plaintiff

be responsible for all costs and fees associated with defending this action; and for all such further

relief as this court deems just and proper.  In addition, Defendants reserve the right to amend to

allege additional affirmative defenses or other defenses as they become known throughout the

course of discovery.


s/ Robin L. Jackson
ROBIN L. JACKSON
Fed. Id No.: 07465
*Senn Legal, LLC*
Post Office Box 12279
Charleston, South Carolina  29422
(843) 556-4045
(843) 556-4046 (fax)
Robin@sennlegal.com

Attorney for Defendants

January 30, 2020
Charleston, South Carolina

8