UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Douglas Wolfe,                    )<br>                                         )<br>            Plaintiff,                  )<br>                                         )<br>      v.                                )<br>                                         )<br>City of North Charleston; Jerry Jellico,)<br>individually and/or in his official capacity as )<br>an agent of the City of North Charleston; )<br>Jennifer Butler, individually and/or in his )<br>official capacity as an agent of the City of )<br>North Charleston; Charles Benton, )<br>individually and/or in his official capacity as )<br>an agent of the City of North Charleston; )<br>Robert E. Stone, individually and/or in his )<br>official capacity as an agent of the City of )<br>North Charleston;                        )<br>                                         )<br>            Defendants.                 )<br>                                         ) | C/A No. 2:19-cv-902-BHH-MHC<br><br><br><br><br>**ORDER** |

Before the Court are Plaintiff's Motion to Determine Sufficiency of Admissions, ECF No. 65 ("RFA Motion"), and Plaintiff's Motion to Compel, ECF No. 66, filed on June 2, 2020. Defendants filed Response Memoranda on June 9, 2020, ECF Nos. 68 & 69. Plaintiff filed Reply Memoranda on June 16, 2020, ECF Nos. 71 & 72, and Defendants filed Sur-Reply Memoranda on June 17, 2020, ECF Nos. 73 & 74. On June 22, 2020, the Court ordered Plaintiff to file copies of the state court briefs and order denying Plaintiff's request for access to Grand Jury material. (ECF No. 75.) Plaintiff filed his supplemental response on June 25, 2020, ECF No. 77. For the reasons set forth below, Plaintiff's Motion to Compel and RFA Motion are denied.



1

## I.     BACKGROUND

According to his Amended Complaint (ECF No. 55), Plaintiff James Douglas Wolfe was arrested by police officers of the City of North Charleston for two counts of Unlawful Conduct Towards a Child on March 23, 2016, and for one count of Infliction or Allowing Infliction of Great Bodily Injury on a Child on April 14, 2016.  Plaintiff alleges that the arrest warrants for these charges were defective and contained material false statements.

On January 30, 2018, Plaintiff's trial counsel made a Motion for Disclosure and Protection of Grand Jury Materials, seeking the state court to order disclosure and production of all petitions and materials presented to the county grand jury, including affidavits, audio recordings, and transcripts of testimony with respect to the indictments against Plaintiff. (Decl. of Eric Laquiere, ECF No. 77-1 at 1 ¶ 3, 3.)  After the state court judge indicated at a status conference that he would deny this motion, trial counsel withdrew the motion. (*Id.* at 1-2 ¶¶ 4-5, 4.)  The state court judge did not issue a written order denying the motion. (*Id.* at 1 ¶ 4.)  On February 1, 2018, trial counsel filed a Supplemental Rule 5 Request seeking all information related to the impanelment of the grand jury, as well as supporting documents sufficient to verify that the impanelment complied with state law. (*Id.* at 2 ¶ 6, 5.)  Plaintiff's trial counsel avers that the State refused to provide the materials and that he did not have an opportunity to file a motion to compel before trial. (*Id.* at 2 ¶ 6.)  Following a four-day trial in March 2018, a state court jury acquitted Plaintiff of all charges.

Plaintiff has brought this action against the City of North Charleston and four police officers alleging:  (1) a cause of action under 42 U.S.C. § 1983 against the police officers for making material false statements in two probable cause affidavits to obtain warrants to arrest Plaintiff; (2) a § 1983 claim against the City of North Charleston arising from the actions of its officers in executing the probable cause affidavits; and (3) a claim under South Carolina common

law against the City of North Charleston for negligence/gross negligence, arising from the actions of its officers in executing the probable cause affidavits.

On April 10, 2020, Plaintiff served Requests for Admissions ("RFAs") upon Defendants seeking admissions regarding whether certain officers testified before the grand jury during the presentment of the indictments. (*See* ECF 65-1.) Similarly, Plaintiff served a Request for Production ("RFP") upon Defendants seeking production of all "documents, exhibits, or submissions from the grand jury presentment of the indictments in the criminal prosecution of James Wolfe." (*See* ECF No. 66-1 at 1.) Defendants objected to the RFAs and RFP on the basis that "presentment of cases to the grand jury is a secret proceeding that is protected by the courts," that "Plaintiff has already been denied such information by the court after filing a motion to compel," and that "defendants will not violate the protection afforded to the grand jury proceedings." (*See* ECF No. 65-1 at 1-4; ECF No. 66-1 at 1.)

Plaintiff now moves the Court to order Defendants to supplement their responses to the RFP by producing responsive documents in their custody, care, or control and to the RFAs.

## II.     LEGAL STANDARD

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Rule 34(a), a party may serve on any other party a request within the scope of Rule 26(b) to produce any designated documents, electronically stored information, or tangible things in the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). If a party declines to answer a request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Pursuant to Rule 36, a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(l). Rule 36(a)(6) allows a party who has served a request for admission to move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).

Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant or deny a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court.").

### III.    DISCUSSION

Courts "consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)); *Gilbert v. United States*, 203 F.3d 820 (4th Cir. 2000) (unpublished) ("In light of the import of the grand jury's core functions, secrecy is a hallmark of its proceedings."); *see Evans v. State*, 611

S.E.2d 510, 515 (S.C. 2005) (explaining that the "stringent secrecy provisions contained in the [state grand jury statute] mirror the view long held uniformly by courts nationwide that secrecy of grand jury proceedings is desirable and necessary").

As the U.S. Supreme Court has explained, there are

> several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co.*, 441 U.S. at 218–19; *see Evans*, 611 S.E.2d at 515–16 (same). "Although maintaining secrecy is essential while a matter is under deliberation by the grand jury, such concerns diminish following issuance of a true bill of indictment." *Evans v. State*, 611 S.E.2d at 516; *see Gilbert*, 203 F.3d 820 ("Once the proceeding of the grand jury ends, the interests of secrecy are reduced, but not eliminated."). Nonetheless, "stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." *Gilbert*, 203 F.3d 820 (quoting *Illinois v. Abbot & Assocs., Inc.*, 460 U.S. 557, 566 n.11 (1983)).

For these reasons, courts are "reluctant to lift unnecessarily the veil of secrecy from the grand jury," *Douglas Oil Co.* 441 U.S. at 219. Courts thus require the party seeking disclosure to make "a strong showing of particularized need for grand jury materials before any disclosure will be permitted," *Sells Eng'g, Inc.*, 463 U.S. at 443; *Gilbert* 203 F.3d 820 (same). "In demonstrating particularized need, the party must establish that (1) the material 'is needed to avoid a possible injustice in another judicial proceeding,' (2) 'the need for disclosure is greater than the need for

5

continued secrecy,' and (3) the 'request is structured to cover only material so needed.'" *Gilbert*, 203 F.3d 820 (quoting *Douglas Oil Co.*, 441 U.S. at 222).

### A. Plaintiff's Motion to Compel

With respect to Plaintiff's Motion to Compel, the Court finds that Plaintiff has not demonstrated a particularized need for the grand jury information he requested in RFP #23. (ECF No. 66-1 at 1 (requesting all "documents, exhibits, or submissions from the grand jury presentment of the indictments in the criminal prosecution of James Wolfe").)

First, Plaintiff has not demonstrated that the need for disclosure is greater than the need for continued secrecy. Under South Carolina law, "investigations and deliberations of a grand jury are conducted in secret and are, as a rule, legally sealed against divulgence." *Anderson v. State*, 527 S.E.2d 398, 399 (S.C. Ct. App. 2000). Plaintiff cites *State v. Thrift*, 440 S.E.2d 341, 352 (S.C. 1994), for the proposition that although "[o]rdinarily a court does not inquire into the nature or sufficiency of the evidence before the grand jury, . . . an exception to this general rule exists where a defendant makes a colorable claim of prosecutorial misconduct." (ECF 65-2 at 8.) Plaintiff contends that because he alleges misconduct on the part of the "prosecuting" police officers, this exception is applicable. (*Id.*)

However, the *Thrift* case involved a claim of prosecutorial misconduct based on the prosecutor's extensive questioning of grand jury witnesses regarding polygraph tests, even though polygraph evidence is not admissible in grand jury proceedings. 440 S.E.2d at 352. The *Thrift* exception is inapplicable in this case, as Plaintiff's Amended Complaint makes no reference at all to the grand jury, much less an allegation of misconduct before the grand jury. Rather, Plaintiff's allegations concern only activities by the police officers in March and April 2016, related to the probable cause affidavits, arrest warrants, and interrogation of Plaintiff. (*See generally* Am.

6

Compl.) As such, the Court finds that Plaintiff has not demonstrated that the need for disclosure is greater than the need for continued secrecy.

Nor has Plaintiff shown that his request is structured to cover only the material he needs. In his Motion to Compel, Plaintiff states that he seeks documents including "the State's petition, the court order impaneling the grand jury, the transcript of the proceedings, witness subpoenas, affidavits, audio recordings, and any other documents that would support impanelment of the grand jury." (ECF No. 66 at 1.)

As an initial matter, the Court notes that these are substantially the same materials that Plaintiff sought in the Motion for Disclosure and Protection of Grand Jury Materials that he made to the state court during his criminal case.[1] (ECF No. 77-1 at 1 ¶ 3, 3.) His trial counsel averred that he withdrew this motion after the state judge told counsel during a status conference that the judge would deny this motion. (*Id.* at 1-2 ¶¶ 4-5; *id.* at 4.) The Court finds that the state court judge's indication he would deny the motion, coupled with counsel's withdrawal of the motion, weighs against disclosure in this case. Moreover, although Plaintiff now contends that these documents are "highly relevant to the allegation that the testifying witness(es) made materially false statements to the grand jury," (*id.* at 2), there are no allegations in the Amended Complaint regarding the grand jury, and Plaintiff has failed to demonstrate that his request for extensive documents related to the grand jury is structured to cover only material he needs for his claims regarding the probable cause affidavits.

Plaintiff concedes in his Reply that he has not asserted a claim for false testimony before the grand jury and that his claim is based only on alleged false affidavits to obtain a warrant for

---

[1] The Court makes no finding as to whether any of these documents would be in the possession, custody or control of the Defendants.

his arrest. (ECF No. 71 at 2.) Nonetheless, he maintains that he needs to know the identities of the grand jury witnesses and the substance of their testimony in order to proceed with his claims, and he summarily argues that it would be "manifestly unjust" for the Court to refuse "to allow discovery on the grand jury presentments while simultaneously dismissing the action due to the existence of an indictment from the grand jury." (*Id.*)[2]

Under the circumstances, the Court is unconvinced that denying Plaintiff's request to compel production of grand jury materials will result in an injustice in this case. *See Durham v. Horner*, 690 F.3d 183 (4th Cir. 2012) (explaining that "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision"); *Miller v. Prince George's Cty., MD*, 475 F.3d 621, 632 (4th Cir. 2007) (explaining that "the Constitution did not permit a police officer . . . with reckless disregard for the truth, to make material misrepresentations or omissions to seek [an arrest] warrant that would otherwise be without probable cause"); *see also King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017) (holding that when a police officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence which is material to the ultimate prosecution, "the presumption that the grand-jury indictment is evidence of probable cause is rebuttable and not conclusive").

The U.S. Supreme Court, in holding that all grand jury witnesses (including police officers) have absolute immunity from any § 1983 claim based on the witness' grand jury testimony,

---

[2] To the extent Plaintiff is referring to the Report and Recommendation to grant Defendant Stone's Motion to Dismiss (ECF No. 59), he misconstrues the recommendation pertains to one defendant, not the entire action, and the reason for the reference to cases regarding the grand jury determination in that context. Defendant Stone's affidavit did not contain any independent testimony by him but, instead, only relied upon hearsay information from other officers.

recently expressed concern that the threat of disclosure of grand jury information in § 1983 cases "might seriously undermine the grand jury process":

> If the testimony of witnesses before a grand jury could provide the basis for, or could be used as evidence supporting, a § 1983 claim, the identities of grand jury witnesses could be discovered by filing a § 1983 action and moving for the disclosure of the transcript of grand jury proceedings.

*Rehberg v. Paulk*, 566 U.S. 356, 374 (2012). Thus, the Court held that a grand jury witness' absolute immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.* at 369. Notably, the Court did not extend absolute immunity to *all* activity that a witness conducts outside of the grand jury room, explaining that courts have accorded only qualified immunity to law enforcement officials who falsify affidavits or fabricate evidence concerning an unsolved crime. *Id.* at 370 n.1; *see King*, 852 F.3d at 584 (explaining that *Rehberg* "does not affect the thin but conspicuous line between, on the one hand, law-enforcement officers who only provide grand-jury testimony . . . and, on the other hand, law-enforcement officers who either (1) set the wheels of government in motion by instigating a legal action, . . . or (2) falsify affidavits or fabricate evidence concerning an unsolved crime") (internal quotations omitted). Nonetheless, the Supreme Court clearly has cautioned against "compromis[ing] the vital secrecy" of the grand jury to aid other § 1983 claims. *Rehberg*, 566 U.S. at 374. In light of the foregoing, the Court concludes that Plaintiff has failed to demonstrate a particularized need for the requested grand jury materials.

### B. Plaintiff's RFA Motion

Plaintiff has moved, pursuant to Rule 36(a)(6), for an order determining the sufficiency of Defendants' objections to Plaintiff's RFA numbers 4–7, 11–14, and 17–20. These RFAs request an admission that the individual Defendants testified at the grand jury presentments of the three

indictments. (*See, e.g.*, ECF No. 65-1 ¶ 4 ("Defendant Jerry Jellico testified at the grand jury presentment of indictment 2016-GS-10-04841.").)  For each RFA, Defendants made the following objection: "Objection. The presentment of cases to the grand jury is a secret proceeding that is protected by the court. Per request #21, Plaintiff has already been denied such information by the court after filing a motion to compel, and defendants will not violate the protection afforded to the grand jury proceedings." (*See, e.g.*, *id.* at 1 ¶ 4.)  RFA request #21 stated, "On or about January 30, 2018, Plaintiff moved to compel records from the grand jury presentments in Wolfe's criminal prosecution." (*Id.* at 4 ¶ 21.) Pursuant to Rule 36(a)(6), unless the Court finds Defendants' "objection justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).

After careful review of the parties' memoranda, trial counsel's declaration regarding proceedings before the criminal court, and the allegations in the Amended Complaint, and in consideration of state and federal law governing grand jury secrecy, *see* Discussion, *infra*, the Court concludes that Defendants' objections to the RFAs were justified. Accordingly, the Court denies Plaintiff's request to order Defendants' to answer the RFAs.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **DENIES** Plaintiff's Motion to Determine Sufficiency of Admissions (ECF No. 65) and **DENIES** Plaintiff's Motion to Compel (ECF No. 66).

_____
Molly H. Cherry
United States Magistrate Judge

August 3, 2020
Charleston, South Carolina