IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Douglas Wolfe,<br><br>    Plaintiff,<br><br>v.<br><br>The North Charleston Police Department, The City of North Charleston, Jerry Jellico, Jennifer Butler, Charles Benton, and Robert E. Stone,<br><br>    Defendants. | Civil Action No. 2:19-902-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff James Douglas Wolfe's ("Plaintiff" or "Wolfe") action filed pursuant to 42 U.S.C. § 1983. On January 30, 2020, Defendant Robert E. Stone ("Stone") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

  On April 6, 2020, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant Stone's motion to dismiss. Plaintiff filed objections to the Magistrate Judge's Report and Defendant Stone filed a response to Plaintiff's objections. For the reasons set forth below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

<u>**STANDARDS OF REVIEW**</u>

**I.  The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The

Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Thus, in reviewing a motion to dismiss, the Court may consider documents attached to the complaint, as well as those attached to a motion to dismiss as long as they are authentic and integral to the complaint, without converting the motion into one for summary judgment. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## DISCUSSION

According to Plaintiff's amended complaint, his daughter was injured on March 23, 2016, and was taken to Summerville Medical Center, where doctors discovered that she suffered from multiple fractures and contacted the North Charleston Police Department. (ECF No. 55 ¶¶ 8-10.) Plaintiff contends that Defendants Jerry Jellico ("Jellico") and Jennifer Butler ("Butler") of the North Charleston Police Department met with the doctors, who allegedly stated that Plaintiff's daughter needed to be transferred to the Medical University of South Carolina ("MUSC") for further treatment. (*Id.* ¶ 11.) Plaintiff admits that doctors at MUSC discovered that Plaintiff's daughter was suffering from a fractured clavicle, fractured fibula, fractured tibia, six fractured ribs, fractured pelvis, intra-oral

lacerations, diffuse bruising a brain bleed. (*Id.* ¶ 12.) According to Plaintiff, Defendants Jellico and Butler took him into custody, where he "admitted to playfully tossing [his daughter] on a couch from a distance of several inches, and that [his daughter] had fallen off the edge of the bed in the course of changing diapers." (*Id.* ¶ 13.)

Plaintiff was arrested for two counts of unlawful conduct towards a child on March 23, 2016, and one count of infliction or allowing infliction of great bodily injury on a child on April 14, 2016, and he alleges that the arrest warrants for these charges were defective in a number of particulars. (*Id.* ¶ 15.) A trial took place on March 19-22, 2018, and Plaintiff asserts that it became apparent at trial that the two probable cause warrants obtained material falsehoods and omissions. (*Id.* ¶ 16.) The jury acquitted Plaintiff of the charges on March 22, 2018, and Plaintiff initially filed this action on March 25, 2019. In his amended complaint, filed on January 29, 2020, Plaintiff sues Defendants pursuant to § 1983, alleging with respect to Defendant Stone in particular that he "deliberately or with a reckless disregard for the truth made material false statements in the March 23, 2016 and April 11, 2016 affidavits" by indicating that Plaintiff's admissions were consistent with the injuries reported by the examining medical personnel. (*Id.* ¶ 20.) Plaintiff also alleges that Stone omitted certain material facts from the March 23, 2016 and April 11, 2016 affidavits, i.e., "[t]hat the injuries to [Plaintiff's daughter] described therein could not be caused by [ ] Wolfe's 'admitted' dropping, tossing, or swaddling of [his daugher]"; "[t]hat they had no special training or aptitude in the field of medicine that would allow them to determine [ ] Wolfe's 'admitted' dropping, tossing, or swaddling of [his daughter] could have caused her injuries"; and "[t]hat Defendant Stone was not present for the March 23, 2016 interview of Wolfe." (*Id.* ¶ 21.)

4

In his motion to dismiss, Defendant Stone asserts that the only action he took in connection with this case "was to receive information for the warrant and the affidavit from investigating officers and present that warrant to the Magistrate for signature. (ECF No. 56 at 2.) Because an oath from an affiant officer supporting a warrant may be based upon hearsay, as in this case, Stone asserts that Plaintiff's amended complaint fails to state a plausible claim against him for violation of Plaintiff's constitutional rights.

In response to Stone's motion, Plaintiff contends that Stone knowingly or recklessly made false statements in his March 23, 2016 probable cause affidavit, and that the affidavit bears his signature. (ECF No. 58 at 2.) According to Plaintiff "[t]hese allegations set forth a plausible cause of action under 42 U.S.C. § 1983." (*Id.; see also* ECF No. 60 (stating the same).) In addition, Plaintiff asserts that even if Stone was unaware of the falsity of the information provided to him by the other individual Defendants, he can still be held liable for reckless disregard of the truth, and he can be held jointly and severally liable. (*Id.*)

In his Report, the Magistrate Judge set forth the facts and the applicable law and ultimately agreed with Stone that Plaintiff's amended complaint fails to state a plausible claim that Stone's actions in attesting to the March 23 warrant violated Plaintiff's constitutional rights. The Magistrate Judge specifically considered Plaintiff's allegations against Stone along with the contents of the March 23 warrant and determined that Plaintiff failed to show that Stone did not have "reasonably trustworthy information" to believe that there was probable cause to support the warrant. The Magistrate Judge noted that an affiant officer may support the facts set forth in a warrant with hearsay statements of other officers, and that "Plaintiff's own allegations establish that the information Stone set forth in the affidavit was based on what he had been told by the investigating officers." (ECF No.

59 at 6.) The Magistrate Judge further explained: "The fact (as alleged by Plaintiff in his Amended Complaint) that medical experts later testified at his trial that his actions could not have caused the child's injuries, does not negate a finding of probable cause by the charging officer (Stone), who had been advised by the investigating officers of their findings (including severe injuries that had been suffered by the child), and implicating the Plaintiff." (*Id.* (citations omitted)) Finally, the Magistrate Judge explained that Plaintiff's own exhibits establish that he was indicted by a grand jury on these charges prior to his trial, and the indictment by the grand jury itself establishes probable cause for his arrest, thereby defeating Plaintiff's claim against Stone. (*Id.* at 7 (citing cases in support).) The Magistrate Judge also noted that Plaintiff's amended complaint does not set forth any allegations of alleged impropriety with respect to the grand jury indictment.

Plaintiff filed objections to the Magistrate Judge's Report, first asserting that the Magistrate Judge's summary of the background omits analysis of the trial testimony of Defendants Jellico and Benton. Importantly, however, nowhere does Plaintiff explain why or how this trial testimony would impact the Magistrate Judge's findings as to Plaintiff's claims against Defendant Stone. Plaintiff also objects that the Magistrate Judge ignored the remaining Defendants' roles as co-authors of the offending probable cause affidavits, but Plaintiff still does not point to any facts to show, or give rise to any "plausible" inference that Stone had any reason to doubt the information provided to him by the investigating and arresting officers, much less to show that Stone had any reason to doubt the existence of probable cause. In all, the Court finds no merit to these objections.

In his objections, Plaintiff asserts that the Magistrate Judge incorrectly asserts that Plaintiff and Ashley Stanley took Plaintiff's daughter to the hospital when it was only Ashley

6

Stanley who took her.  Plaintiff does not explain how this fact would alter the Magistrate Judge's analysis as to the plausibility of Plaintiff's claim against Defendant Stone, and the Court finds no merit to this objection.

Next, Plaintiff asserts in a conclusory fashion that while a probable cause affidavit may be supported by false statements, it may not be supported by false statements.  Here again, however, Plaintiff does not point to any facts to give rise to a plausible inference that Defendant Stone had any reason to doubt the facts presented to him by the investigating officers.  The Court finds no merit to this objection.

For the first time, Plaintiff also contends in his objections that "[t]he only reasonable inference from the trial testimony is that Defendants provided false testimony at the grand jury presentment of Wolfe."  (ECF No. 60 at 4.)  Notably, as the Magistrate Judge properly noted, Plaintiff's amended complaint makes no reference to the grand jury proceedings, much less any allegation concerning alleged impropriety or misconduct before the grand jury.  Plaintiff's objection regarding the grand jury proceedings simply present conjecture and speculation regarding alleged false testimony, and the Court finds no merit to this objection.

Next, Plaintiff asserts that the Magistrate Judge did not properly apply the Rule 12(b)(6) standard.  Plaintiff contends that the amended complaint alleges that Stone knowingly or recklessly made false statements in the March 2016 affidavit and that the affidavit bears his signature.  According to Plaintiff, these allegations state a plausible claim, but the Court is not convinced by Plaintiff's argument.  Stated plainly, Plaintiff's mere conclusory statements are insufficient to state a plausible claim against Stone because Plaintiff's amended complaint does not contain sufficient factual allegations to show that

Stone–who did not offer his own testimony for the affidavit but instead relied upon hearsay information from other officers (as the law permits)–had any reason to doubt the facts presented to him by the investigating and arresting officers. The Court overrules this objection.

Lastly, Plaintiff objects to the Magistrate Judge's failure to give Plaintiff leave to amend the complaint. The Court finds no merit to this objection, however, as Plaintiff has already been given the right to amend his complaint and nowhere does Plaintiff set forth any facts to support the filing of another amended complaint in this action.

In summary, the Court finds that the Magistrate Judge fairly summarized the relevant facts and applied the correct principles of law, and the Court agrees with the Magistrate Judge that Plaintiff's amended complaint fails to state a plausible claim for relief against Defendant Stone pursuant to § 1983.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 59); the Court overrules Plaintiff's objections (ECF No. 60); and the Court grants Defendant Stone's motion to dismiss (ECF No. 56) and dismisses him as a party Defendant in this case.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 24, 2020
Charleston, South Carolina