UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Douglas Wolfe, | ) C/A No. 2:19-cv-00902-RMG-MHC |
| Plaintiff, | ) |
| v. | ) |
| City of North Charleston; Jerry Jellico, individually and/or in his official capacity as an agent of the City of North Charleston; Jennifer Butler, individually and/or in his official capacity as an agent of the City of North Charleston; Charles Benton, individually and/or in his official capacity as an agent of the City of North Charleston; and Robert E. Stone, individually and/or in his official capacity as an agent of the City of North Charleston, | ) **ORDER** |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Seal (ECF No. 119), which Defendants filed, at the Court's direction, following oral argument on their Motion for Summary Judgment. *See* ECF Nos. 97 & 116. Defendants seek to file under seal two exhibits to their Motion for Summary Judgment, specifically two orders from Charleston County Family Court that were previously provided to this Court for *in camera* review. Plaintiff filed a Response in Support of Defendants' Motion to Seal. ECF No. 120.

**PROCEDURAL BACKGROUND**

In August 2019, the parties agreed, in a consent motion to obtain Department of Social Services ("DSS") records relating to abuse and neglect allegations made against Plaintiff, that they would redact any personal identifying information not already redacted by DSS, from any of those

1

documents filed in this case. ECF No. 22 at 2. In granting the consent motion, this Court directed the parties to enter into a confidentiality order, explaining that would sufficiently protect the interests of the parties, including any minors. ECF No. 24 at 2; *see also J.H. M. v. SCDSS*, No. 17-3437, 2018 WL 3742613, at *2 (D.S.C. Aug. 7, 2018); *C.V. v. Epworth Children's Home*, No. 17-730, 2018 WL 5112449, at *1–2; *W.S. v. Daniels*, No. 16-1032, 2018 WL 690066 (D.S.C. Feb. 1, 2018); *W.S. v. Daniels*, 258 F. Supp. 3d 640 (D.S.C. 2017)). A Confidentiality Order was subsequently entered. ECF Nos. 41 & 42.

In accordance with the provisions of the Confidentiality Order, Defendants redacted information relating to the minor children in the two Family Court orders at issue here, prior to filing them as exhibits to their Motion for Summary Judgment. ECF No. 119-1 at 3; *see* ECF No. 42 at 4–5 ¶ 6(1). After Plaintiff objected, Defendants withdrew the exhibits and submitted them to the Court solely for *in camera* review. ECF No. 119-1 at 3 (citing ECF No. 42 at ¶ 6(2)). At the hearing on the Motion for Summary Judgment, the Court instructed the parties to either file redacted documents on the docket or submit a motion to seal seeking permission to file the documents under seal. Defendants subsequently submitted the Motion to Seal the Family Court orders, which Plaintiff supports. ECF No. 119-1 at 3 (citing ECF No. 42 at ¶ 6(3)).

## STANDARD OF REVIEW

Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

> (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

Local Civil Rule 5.03(A), D.S.C.

The Fourth Circuit Court of Appeals has set forth the following standard and procedure that must be followed before a district court can seal documents:

> In *Knight*, we explained that, while a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests," the "presumption" in such cases favors public access. [*In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)]; *see also* [*Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)] ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances[.]"). Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *See Knight*, 743 F.2d at 235–36; *see also Stone*, 855 F.2d at 181. These procedures "must be followed when a district court seals judicial records or documents." *Stone*, 855 F.2d at 179–80, 182.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

"The right of access in any given case may vary depending on the nature of the case and the specific item under review." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "By contrast, the First Amendment secures a right of access only to particular judicial records and documents, and, when it applies, access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* at 266 (internal quotation marks and citations omitted).

The "more rigorous First Amendment standard . . . appl[ies] to documents filed in connection with a summary judgment motion in a civil case." *Va. Dep't of State Police*, 386 F.3d at 576 (explaining that once documents that are produced in discovery, including under a pre-trial

3

confidentiality order, are "made part of a dispositive motion, they [have] lost their status as being 'raw fruits of discovery.'" (quoting *Rushford*, 846 F.2d at 252)). Under this First Amendment standard, the movant must demonstrate that the denial of access is necessitated by a compelling governmental interest, which may include consideration of a non-governmental interest that implicates similar "higher values." *See Press-Enter. Co. v. Super Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984); *Pub. Citizen*, 749 F.3d at 269; *Companion Prop. & Cas. Ins. Co. v. Wood*, No. 3:14-CV-03719-CMC, 2017 WL 279767, at *2 (D.S.C. Jan. 23, 2017). Such interests outweigh the First Amendment presumption of access only in limited circumstances, which courts have found to include, in some instances, a criminal defendant's Sixth Amendment right to a fair trial, risks to national security, privacy interests of non-parties, and trade secrets. *See Pub. Citizen*, 749 F.3d at 269. Because summary judgment substitutes for trial, judicial records filed in connection with a summary judgment motion may be sealed only if the First Amendment standard is satisfied. *See Rushford*, 846 F.2d at 253.

The Fourth Circuit, however, "has never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm." *Pub Citizen*, 749 F.3d at 270. Thus, the party seeking to seal a document "must present concrete proof that the public right of access is outweighed by a compelling governmental interest and sealing is narrowly tailored to serve that interest." *Wood*, 2017 WL 279767, at *2; *see also Va. Dep't of State Police*, 386 F.3d at 575 ("The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position."). The fact that documents were produced during discovery subject to a pre-trial Confidentiality Order is insufficient to override the public's First Amendment right of access. *See Nielson v. Portfolio Recovery Assocs.,*

*LLC*, No. CV 2:18-1610-RMG, 2019 WL 2513722, at *3 (D.S.C. June 18, 2019); *see also Rushford*, 846 F.2d at 524.

## DISCUSSION

### A. The Parties' Arguments

Defendants request that the entirety of two orders from Charleston County Family Court be sealed. ECF No. 119-1 at 1. The first order is an Order issued by Judge Dana A. Morris, after a probable cause hearing, and was filed with the Charleston County Family Court on April 14, 2016. The second order is a Final Order on the Merits, issued by Judge Alice Anne Richter, after a merits hearing, and was filed with the Charleston County Family Court on June 13, 2016. Both Orders were issued as part of a case involving claims of abuse and neglect of a child.

Defendants cite S.C. Code Ann. § 63-3-20 (D), which provides that "records in the family court concerning juveniles shall be kept confidential as prescribed in Sections 63-7-1990 and 63-19-2020." Section 63-7-1990 relates to the records of the Department of Social Services,[1] and § 63-19-2020 relates to records of the Department of Juvenile Justice.

According to Defendants, "[a]lthough the information on the juveniles involved has been fully redacted [from the Orders], it is possible that someone seeing the document in the public record could determine the involved minors by virtue of the identity of the parents in the order." ECF No. 119-1 at 2. Defendants maintain that "to protect the privacy of the involved minors, these

---

[1] Pursuant to S.C. Code Ann. § 63-7-1990, records are available to certain persons. The relevant persons in this litigation who can obtain access are "(5) a person who is named in a report or investigation pursuant to this article as having abused or neglected a child, that person's attorney, and that person's guardian ad litem;" and "(11) the parties to a court proceeding in which information in the records is legally relevant and necessary for the determination of an issue before the court[.]" Plaintiff consented to the release of the file to Defendants pursuant to S.C. Code Ann. § 63-7-1990(5) on August 20, 2019. *See* ECF No. 22.

5

records should be sealed." *Id.* Defendants further contend that prior to moving to file the documents under seal, they had exhausted all less drastic measures for filing and submitting these documents, such that the only remaining option is to file the documents under seal. *Id.* at 3–4.

Plaintiff filed a Response in Support of Defendants' Motion to Seal, noting that although the docket has reflected the existence of the exhibits in question for months, no third party or media company has expressed interest in reviewing them. ECF No. 120 at 1. Plaintiff argues that the stated purpose of Chapter Seven of the South Carolina Children's Code, which contains the relevant confidentiality provision, constitutes a "compelling governmental interest" justifying the sealing of Exhibits 11 & 12. *Id.* at 1–2.

### B. The Court's Analysis

The Court undertook an *in camera* review of the two Family Court orders that Defendants seek to seal in full. Regarding the minor children's personal information, the Court notes that the children's names already have largely been redacted, such that only their first and last initials are visible.[2] The Court further notes that many of the parties' filings in this case on the public docket similarly contain the initials of the two minor children. *See, e.g.*, ECF Nos. 55-3 at Trial Transcript pp. 44–48 (exhibit to Amended Complaint); ECF No. 97-1 at 2–3 (Defendant's Memorandum in Support of Motion for Summary Judgment); ECF No. 100 at 4 (Plaintiff's Response to the Motion for Summary Judgment stating, "During his incarceration he lost legal custody of E.W. and his other daughter A.W. . . ."). There are no birth dates, social security numbers, or other sensitive

---

[2] Although the Exhibits submitted to the Court largely redacted the minors' names, there are a few instances where the last name was not redacted. *See, e.g.*, Exhibit 11 at 1 (last names in case caption); *id.* at 3 ¶ 7, 4 ¶ 7; Exhibit 12 at 2 ¶ 4, 5 ¶ 4.

personal information in either order. Rather, the orders state only that the children are "Minor(s) Under the Age of 18."

Further, although both orders identify the children's parents, so, too, do the public filings in this case. Similarly, the fact that the Family Court took custody away from Plaintiff and, ultimately, terminated his parental rights is not confidential information, particularly given the allegations in Plaintiff's Amended Complaint that the injuries he has suffered in this matter include having "his parental rights wrongfully abridged and curtailed." ECF No. 55 at 7 ¶ 18b.

In reviewing the Family Court orders, the Amended Complaint, and the parties' briefing on the Motion for Summary Judgment, it appears that some of the information contained in those orders may be relevant to Plaintiff's Fourth Amendment claim and alleged injuries in this case, including the portions of one of the orders cited by Defendants in their Memorandum in Support of Summary Judgment. *See* ECF No. 97-1. Thus, the public's very strong interest in having access to that information outweighs the privacy interests at stake. However, the Court finds that the minor children's compelling privacy interest in protecting their identity is sufficient to overcome the First Amendment presumptive right of public access to a completely unredacted Exhibit. To that end, redacting all but the children's first and last initials in their names is necessary for their protection. *See also* Fed. R. Civ. P. 5.2(a)(3). Further, to the extent that there is additional information in either of the orders pertaining to the identity, custody, or care of the children that has not already been made public through this lawsuit and that is not relevant to the claims in this case, such information should and could be redacted from the orders.

Because there is a less drastic alternative to sealing that would afford adequate protection to the minors' privacy, the Court concludes that sealing the Exhibits is not appropriate in this instance. Instead, if Defendants still want these documents included in the summary judgment

record, Defendants should re-file redacted versions of the two Exhibits on the public docket, redacting all but the minors' initials from their names and redacting any other non-public information pertaining to the children's identity, custody, or care. *See supra*, note 2.

## CONCLUSION

After careful consideration of the relevant materials and law, and for the reasons set forth above, Defendants' Motion to Seal (ECF No. 119) is **DENIED**. Defendants may file redacted Exhibits, consistent with the discussion above, in the public record on or before **August 9, 2021**.

**IT IS SO ORDERED.**

July 30, 2021
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge